ACCEPTED
03-15-00348-CV
7634511
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/2/2015 10:38:56 AM
JEFFREY D. KYLE
CLERK

# Vinson&Elkins

Thomas S. Leatherbury  tleatherbury@velaw.com
**Tel** +1.214.220.7792  **Fax** +1.214.999.7792

October 30, 2015

**<u>By Electronic Filing</u>**

Jeffrey D. Kyle
Clerk, Third Court of Appeals
P.O. Box 12547
Austin, Texas 78711

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/3/2015 2:25:56 PM
JEFFREY D. KYLE
Clerk

Re:  *Enright v. Asclepius Panacea, LLC et al.; No. 03-15-00348-CV*

Dear Mr. Kyle:

The above-captioned appeal is scheduled for oral argument on November 4, 2015 before the panel of Justices Puryear, Goodwin, and Bourland. We ask that you please bring this letter to the attention of the panel.

The trial court denied the special appearance of nonresident defendant Todd Enright based on evidence that Enright—while working out of state as an *agent* of the company White Winston—took part in phone calls and e-mails with persons who were located in Texas. Enright acknowledges that his status as an agent of White Winston does not categorically protect him from specific personal jurisdiction in Texas. *Ennis v. Loiseau*, 164 S.W.3d 698, 707 (Tex. App.—Austin 2005, no pet.) (fiduciary-shield doctrine does not apply where plaintiff asserts specific personal jurisdiction and alleges intentional tortious conduct). But Enright's status as an agent of White Winston is still an important factor in the personal-jurisdiction analysis.

For example, as explained in the Brief of Appellant (pp.15, 18), personal jurisdiction is lacking here because Todd Enright sought no benefit from Texas. Where a plaintiff sues a nonresident agent in his individual capacity, the plaintiff must prove that the nonresident agent—*in his individual capacity*—purposefully availed himself of the benefits and protections of the Texas forum. "[A] corporate officer's [*i.e.*, an agent's] tortious or fraudulent activity will ***only*** be sufficient to establish specific jurisdiction if it satisfies the three-pronged due process inquiry" (*Niehaus v. Cedar Bridge, Inc.*, 208 S.W.3d 575, 581 (Tex. App.—Austin 2006, no pet.) (emphasis added)), including the requirement that "the corporate officer's contacts with the forum demonstrate purposeful availment." *Atiq v. CoTechno Grp., Inc.*, No. 03-13-00762-CV, 2015 WL 4195051, at *6 (Tex. App.—Austin



July 9, 2015, no pet. h.). Purposeful availment can exist only where the defendant "seek[s] some benefit, advantage, or profit by 'availing' itself of the jurisdiction." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005).

Thus, for personal jurisdiction to exist over an agent *in his **individual** capacity*, the agent must have sought some ***personal*** benefit, advantage, or profit from Texas. It is not enough for the plaintiff to show that (1) the agent's nonresident *principal* will benefit from the agent's activities in Texas, or that (2) the agent's nonresident principal compensates the nonresident agent for his work. *Compare Hone v. Hanafin*, No. 05-01-00897-CV, 2003 WL 22020778, at *6 (Tex. App.—Dallas Aug. 28, 2003, pet. denied) (mem. op.) ("Any act taken by [the agent] was advancing the interest of [the corporation] and not [the agent] individually. Just because [the agent] also was a minority shareholder who may have benefitted from the corporation's success which may in part have been due to [the plaintiff's] work is too attenuated a contact to extend jurisdiction over [the corporation] to jurisdiction over [the agent] individually."), *Cerbone v. Farb*, 225 S.W.3d 764, 771 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (no personal jurisdiction over agent who signed contract on behalf of corporation; any benefit would inure to corporation, and not to agent in his individual capacity), and *Joiner v. Coast Paper & Supply*, No. 13-07-00623-CV, 2008 WL 2895851, at *8 (Tex. App.—Corpus Christi July 29, 2008) (mem. op.) ("[Plaintiff] has not established that [Defendant] sought some benefit, advantage, or profit from Texas in her individual capacity."), *with Camac v. Dontos*, 390 S.W.3d 398, 413 (Tex. App.—Dallas 2012, no pet.) ("[A]s an *officer in charge* of franchise sales it was to his personal advantage or benefit to complete the transaction, especially at a time when the company was in dire financial straights [sic]." (emphasis added)), *and Tabacinic v. Frazier*, 372 S.W.3d 658, 671 (Tex. App.—Dallas 2012, no pet.) (finding personal benefit to agents where "[t]he proceeds and benefits from the sale of the Home were used to make *other investments through entities the [agents] created and controlled*." (emphasis added)).

The record on this appeal contains no evidence to support the trial court's essential, implied finding that Todd Enright, *in his individual capacity*, sought some *personal* benefit from Texas. The record shows:

- ***At all relevant times, Todd Enright was <u>working on behalf of White Winston, the creditor to QVL</u>.*** CR228 ¶¶ 4–5, 229 ¶ 11. Todd Enright has not had any personal contacts with Texas in the last decade. CR228 ¶ 4. During the times relevant to this case, all of Enright's Texas contacts were on behalf of White Winston, the out-of-state company that owns debt in Texas-based QVL. *Id.* at 228–29 ¶¶ 5–6, 11.

- ***Todd Enright <u>does not own QVL's debt</u>.*** As creditor to QVL, White Winston stands to benefit from QVL's activities in Texas. *Id.* ¶¶ 6, 11. By contrast, the individual Todd Enright does not own any debt in QVL. *Id.*

- ***Todd Enright <u>does not have an equity interest</u> in White Winston.*** Enright would not directly share in a benefit received by *White Winston* (QVL's creditor) because Enright does not own any equity in White Winston. CR500. Enright holds the title of "partner" with White Winston, but Enright's title of "partner" is just a label.  *Id.*

- ***Todd Enright <u>does not hold an officer position</u> at White Winston.*** Indeed, Enright is not even an *employee* of White Winston. CR502. Enright works for Lillian White Investments, and on behalf of Lillian White Investments, Enright provides consulting services to White Winston. *Id.* As a consultant, Enright answers to at least two superiors at White Winston. CR501; CR210 ¶ 6.

- ***There is <u>no evidence of any bonus or commission</u> to Todd Enright.*** While Enright receives compensation for his work, the record contains no evidence that Enright's compensation will change—for the better or worse—as a result of anything that happens in Texas. For example, there is no evidence in the record as to whether Enright receives a bonus or commission based on the performance of QVL or its creditor, White Winston.

Texas courts lack personal jurisdiction over Todd Enright, *in his individual capacity*, because, among other reasons, there is no evidence that Todd Enright, *in his individual capacity*, reached out to Texas to obtain a *personal* benefit from the Texas forum. *See Hone*, 2003 WL 22020778, at *6; *Cerbone*, 225 S.W.3d at 771; *Joiner*, 2008 WL 2895851, at *8.

Sincerely yours,

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this letter contains 1,075 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.


<u>/s/ Michael A. Heidler</u>
Michael A. Heidler

## <u>CERTIFICATE OF SERVICE</u>

On October 30, 2015, a true and correct copy of this letter was served on the following attorneys via electronic filing:

Eric J. Taube
Paul Matula
Taube Summers Harrison Taylor Meinzer Brown, LLP
100 Congress Avenue, 18th Floor
Austin, Texas 78701
etaube@taubesummers.com
pmatula@taubesummers.com

*/s/ Michael A. Heidler*
Michael A. Heidler